UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| Nehemias Nunez, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Financial Recovery Services, Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Nehemias Nunez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Nehemias Nunez ("Plaintiff"), is an adult individual residing in El Paso, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Financial Recovery Services, Inc. ("FRS"), is a Minnesota business entity with an address of 4900 Viking Drive, Edina, MN 55435, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

6.      A financial obligation (the "Debt") was incurred to a creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to FRS for collection, or FRS was employed by the Creditor to collect the Debt.

9.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      FRS Engages in Harassment and Abusive Tactics**

10.     FRS continually places calls on Plaintiff's work cellular phone line.

11.     FRS has left numerous voice messages on Plaintiff's work cellular phone line, in which FRS discloses that the call is from a debt collector.

12.     One of the voice messages that disclosed they were calling to collect on a debt was overheard by Plaintiff's co-worker.

13.     FRS failed to inform Plaintiff of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

### C.     <u>Plaintiff Suffered Actual Damages</u>

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

18. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

19. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

20. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

23. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

24. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

25. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

30. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

31. The Defendants caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

32. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

35. Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Texas state law.

36. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls to Plaintiff's work cellular phone line.

37. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

38. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

39. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

40. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
8. Punitive damages; and
9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 7, 2011

                              Respectfully submitted,
                              By:  /s/ Diana P. Larson
                              Diana P. Larson
                              Texas Bar No. 24007799
                              Erik V. Larson
                              Texas Bar No. 00791076
                              The Larson Law Office, PLLC
                              440 Louisiana, Suite 900
                              Houston, Texas  77002
                              Telephone:  (713) 221-9088
                              Facsimile:  (832) 415-9762
                              Email:  diana@thelarsonlawoffice.com

                              <u>Of Counsel To:</u>
                              LEMBERG & ASSOCIATES L.L.C.
                              A Connecticut Law Firm
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (888) 953-6237
                              ATTORNEYS FOR PLAINTIFF